[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10654
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-14419-DLG

STEPHEN LUSTIG,

Plaintiff-Appellant,

versus

BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 25, 2011)

Before HULL, MARTIN and COX, Circuit Judges.

PER CURIAM:

Stephen Lustig filed suit in district court against Bear Stearns Residential

Mortgage Corporation ("Bear Stearns") for declaratory relief, violations of the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA"), recission, fraudulent

inducement, and breach of contract.[1]  Lustig contends that Bear Stearns misled him with respect to the interest rate on his Adjustable Rate Promissory Note ("the Note"), and his monthly payment.  On appeal, Lustig contends that the district court erred in granting summary judgment to Bear Stearns.

The subject of this litigation is a $720,000 promissory note payable to Bear Stearns executed in August 2006 by Lustig through his attorney-in-fact, William J. Provost, for the purchase of a home located in Fort Pierce, Florida.  Lustig alleges that the note is inherently and patently deceptive.  Lustig also alleges that Bear Stearns deceived him by leading him to believe that the monthly minimum payment of $2850 applied to both principal and interest or at a minimum covered the entire amount of interest due on the Note.

The district court granted summary judgment to Bear Stearns. The court found that the documents executed by Lustig, through his attorney-in-fact, Provost, clearly disclosed every risk associated with the loan, including the fact that making the minimum payment would result in negative amortization.  Lustig appeals.

Lustig contends that the district court erred: (1) in not addressing the issue of whether an inaccurate Truth-in-Lending disclosure statement supports a finding that FDUTPA was violated; (2) in determining that the damages claimed by Lustig in the

---

[1]The breach of contract claim was dismissed, and is not at issue on this appeal.

FDUTPA claim were consequential damages–not actual damages; (3) in determining that the record did not create a genuine issue of material fact; and (4) in finding that Provost had a reasonable opportunity to learn, at closing, the essential terms of the Note. We have considered each of these contentions, and find them without merit.

The contention that the district court erred in not addressing Lustig's Truth-in-Lending argument is meritless because the district court found that Lustig had failed to present any evidence to establish that a deceptive or unfair practice had been committed by Bear Stearns (R.3-85 at 7) and a deceptive or unfair practice is an essential element of a FDUTPA claim.[2] And, the argument that the court erred in deciding that the damages claimed under FDUTPA were consequential is irrelevant given our conclusion that the court found no FDUTPA violation. "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008) (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). Because Lustig failed to prove the first element, his claim failed without requiring the district court to address the remaining elements.

---

[2]We need not, and do not, decide whether a Truth-in-Lending violation may ever form the basis of a FDUTPA claim.

As to Lustig's contentions that the record created a genuine issue of material fact, and that the district court erred by its finding that Provost had no reasonable opportunity to learn, at closing, the essential terms of the note, these contentions were considered by the district court. (R.3-85.) And, we conclude that the district court's conclusions were well-reasoned and correct. It is clear from the record that the documents signed in conjunction with the execution of the Note expressly stated that a monthly payment of only $2850, the minimum payment, would result in negative amortization. Consequently, we find meritless Lustig's contentions that Bear Stearns acted unfairly or deceptively.

AFFIRMED.